FILED
2026 Sep-25 PM 12:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**DEBRA JEAN CRUZ,**

**Plaintiff,**

**v.**

**JEFF HARDING, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-1069-HDM-NAD**

## MEMORANDUM OPINION AND ORDER

On August 21, 2026, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court dismiss *pro se* Plaintiff Debra Jean Cruz's Complaint without prejudice for her failure to prosecute. (Doc. 4). The Report and Recommendation informed Cruz that she had the right to "file specific written objections" that "identify every objectionable finding of fact or recommendation and state the specific basis for every objection" on or before September 4, 2026. *Id.* at 2. On September 4, 2026, Cruz filed a motion seeking (1) a nonspecific "extension" and (2) permission to appeal *in forma pauperis*. (Doc. 5). On September 10, 2026, seemingly anticipating that this court would adopt the Report and Recommendation and dismiss her case, she filed another motion to proceed *in forma pauperis* on appeal. (Doc. 6).

First and foremost, the court finds that, to the extent that Cruz sought some sort of extension, such request is due to be **DENIED**. Cruz's request for an extension in her September 4th filing reads, in its entirety, as follows: "I, Debra Jean Cruz, come to you in writing to request an extension." (Doc. 5 at 1). Even assuming she meant to request more time to respond to the Magistrate Judge's Report and Recommendation, a court may extend its own deadlines "only for good cause," Fed. R. Civ. P. 16(b)(4), which "precludes modification unless the schedule **cannot** 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 Advisory Committee Note) (emphasis added). Even showing immense deference to Cruz as a *pro se* plaintiff, *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992), this vague, barebones request for some "extension," (doc. 5 at 1), is insufficient to show good cause for extending the court's deadline, *Sosa*, 133 F.3d at 1418; Fed. R. Civ. P. 16(b)(4), and the court will not do so.

Turning to the merits, and, again, showing Cruz the deference due to a *pro se* litigant, *Dean*, 951 F.2d at 1213, she has not filed anything even remotely cognizable as a proper objection to the Report and Recommendation, (*see* doc. 4 at 2; *see also* doc. 5; doc. 6), and the court will review the Magistrate Judge's factual and legal findings for clear error, *Haywood v. Green*, 695 F. Supp. 3d 1315, 1318 (N.D. Ala. 2023). Having done so, the court finds no error and will **ADOPT** the Magistrate

Judge's Report, **ACCEPT** his Recommendation, and **DISMISS** Cruz's Complaint, (doc. 1), **WITHOUT PREJUDICE** for her failure to prosecute.

Cruz also moves the court to permit her to appeal her case *in forma pauperis*. (Doc. 5; Doc. 6). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). A party does not proceed on appeal in good faith when she seeks to advance a frivolous claim or argument, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962), meaning the factual allegations are clearly baseless or the legal theories are indisputably meritless, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Here, the court's dismissal of Cruz's Complaint for her failure to comply with the court's orders is a simple application of longstanding law to straightforward facts and the Eleventh Circuit routinely affirms similar decisions, *see, e.g.*, *Willis v. Lockheed Martin Corp.*, No. 25-12474, 2026 WL 2797856, at *1–*2 (11th Cir. Sept. 18, 2026) (per curiam); *see also Woodyard v. Bishop*, No. 1:24-cv-374, 2026 WL 413199, at *2 (S.D. Ala. Feb. 13, 2026) (dismissing *pro se* plaintiff's complaint for failure to comply with court orders and certifying that any appeal would not be taken in good faith).

Because there are no non-frivolous issues to raise on appeal, the court **CERTIFIES** that any appeal would be without merit and not taken in good faith.

Cruz's requests to proceed *in forma pauperis* on appeal, (doc. 5; doc. 6), are therefore **DENIED**. Nothing in this order precludes Cruz from filing a motion to proceed *in forma pauperis* directly with the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

The court will enter a separate final judgment.

**DONE** and **ORDERED** on September 25, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE